ANTON KUVACH and ANGELICA KUVACH, Plaintiffs

v.

THOMAS CUYLER, Defendant

Civil No. 63-1959

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 4, 1959

*See, also, 174 F. Supp. 753*

ALPHONSO A. CHRISTIAN, ESQ., Charlotte Amalie, Virgin Islands, *for plaintiffs*

JAMES A. BOUGH, ESQ., Charlotte Amalie, Virgin Islands, *for defendant*

GORDON, *Judge*

This is an appeal from the Municipal Court of St. Thomas and St. John, involving the question of restitution of premises under a lease contract for five years, which has not expired. Briefly, the plaintiffs contend that the Rent Control Law is applicable, which is denied by the defendant, who claims that the lease contract may not be impaired under the fundamental laws of the Territory.

The Municipal Court rendered an opinion and judgment and dismissed the petition of the landlord holding that "tenants who occupy premises under a valid and subsisting lease, and are not otherwise in default may not be evicted prior to the expiration of the term on the ground that the Lessor needs the property for his own use."

There has been filed an "Agreed Statement of Facts" by the attorneys as follows:

"1. On February 15, 1958, Ilva Smith, the owner of record of Property 26 Lindbergh Bay, No. 4A Southside Quarter, St. Thomas, V. I., leased the said property to the defendant for five years. This lease was not recorded until February 2, 1959.

2. On March 19, 1958, the plaintiffs herein bought the said property from Ilva Smith, not then knowing of the existence of the said lease.

3. That one month later the plaintiffs learned of the said lease.

4. That the plaintiff continued to collect his rentals until January 15, 1959, when plaintiffs gave the defendant notice to vacate

78

the premises within thirty (30) days from the said January 15, on the ground that the plaintiffs need the premises for their own use.

5. That the question before the Court to decide in the above statement of facts is whether the Rent Control Law, which appears in 28 V.I.C., sec. 831 et seq., applies to the written lease for a term of years between the parties which is attached hereto."

It is noted that no question is raised as to the validity of the lease contract, the rent, or other violation of the contract of lease. There is no claim that the rent is unjust or unreasonable, or that the provisions of the lease contract are in contravention of the Rent Control Law. Further, there is nothing to show that this is a review of any order of the Price and Rent Control Officer or of the Commissioner of Property and Procurement.

The alleged ground for recovery of possession of the rented premises is that "the owner seeks, in good faith, to recover possession of the premises for his own personal use." (28 V.I.C. § 840(1)). Therefore, the question posed is whether the provisions of the Rent Control Law for the recovery of possession of premises are applicable to the lease contract in question. I hold they are not.

*The contract of lease being valid, and the life of the lease contract not having expired,* the landlord cannot invoke the provisions for dispossession of the tenant under the Rent Control Law. There is nothing in the Rent Control Law which prohibits the contracting for rent between the landlord and the tenant as long as the provisions of the Rent Control Law have not been violated, and, as stated above, there is no showing that there is any violation of the Rent Control Law.

The Court therefore holds that the Rent Control Law is not applicable to this case. The petition for recovery of the premises at 26 Lindbergh Bay, No. 4A Southside Quarter, St. Thomas, will be dismissed.

An order to this effect will be signed upon presentation.